**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **MUELLER METALS, LLC** | § | |
| | § | |
| **Plaintiff**, | § | |
| | § | |
| **v.** | § | **CASE NO. 6:11-CV-19** |
| | § | |
| **MONTEZUMA MFG., INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DECLARATORY JUDGMENT COMPLAINT

Mueller Metals, LLC ("Mueller Metals" or "Plaintiff") seeks a declaratory judgment of non-infringement and invalidity of trade dress against Montezuma Manufacturing Inc. ("Montezuma" or "Defendant"). Plaintiff received a demand from Defendant regarding Defendant's alleged trade dress interests over sloped-front or wedge-shaped toolboxes. Plaintiff seeks judgment in its favor as follows:

## PARTIES

1.    Plaintiff Mueller Metals LLC. is a Texas limited liability company with its principal place of business at 2152 Schwartz Road, San Angelo, TX 76904.

2.    Defendant Montezuma Manufacturing Inc. is a Kansas Corporation with its corporate headquarters at 29502 12 Road, Montezuma, Kansas 67867.

## JURISDICTION AND VENUE

3.    This Court has personal jurisdiction over Defendant because Defendant threatened Plaintiff, located in this District, with litigation and thereby had a financial impact in this district. On information and belief, Defendant also conducts business within this jurisdiction sufficient to invoke the personal jurisdiction of this Court.

4.      This Court has subject matter jurisdiction under the 15 U.S.C. §1051, et seq. as a declaratory judgment arising under the Trademark Act of 1964 (Lanham Act), Title 15 of the United States Code.  Jurisdiction is also proper under 28 U.S.C. § 1332 as Plaintiff asserts an amount in controversy exceeding $75,000 and there is complete diversity between Plaintiff and Defendant.

5.      Venue is proper in this district under 28 U.S.C. § 1391 because Defendant regularly conducts business within this District and is subject to personal jurisdiction in this District.  Venue is also proper in this district under 28 U.S.C. §1391 because a substantial part of Plaintiff's actions, which form the basis of Defendant's threats underlying this Declaratory Judgment action, occurred in this judicial district.

## FACTS

6.      This civil action seeks declaratory relief of non-infringement of trade dress. Plaintiff manufactures and sells the Spring Creek $^{TM}$ line of hardware products including gate latches, pipe guides, hinges, door rollers and toolboxes.  Among Spring Creek$^{TM}$ products that Plaintiff manufactures and sells is a sloped-front toolbox, an item it designates Hurricane 200 Toolbox (hereinafter "Hurricane Toolbox").  At present, Plaintiff sells Hurricane Toolboxes to wholesalers and retailers.

7.      Defendant also manufactures and sells sloped-front or wedge-shaped toolboxes. Defendant has asserted trade dress ownership over the sloped-front or wedge-shaped toolboxes.

8.      On February 14, 2011, Defendant sent a letter to Plaintiff which states: "It has come to our attention that Spring Creek Products has been offering for sale similarly-designed, wedge-shaped tool boxes under the name Hurricane 200 Toolbox."  See Exhibit 1, Defendant's Letter of February 14, 2011 to Plaintiff.

9.      In the February 14, 2011 Letter, Defendant claimed common law rights in the wedge-shaped toolbox design and added "[t]his product configuration design has been approved for federal trademark registration by the U.S. Patent & Trademark Office and that a Certificate of Registration will issue shortly."  See Exhibit 1.  Defendant demanded Plaintiff "immediately cease and desist using the wedge-shaped product design for storage containers and selling such storage containers in the hardware industry", and asked for a written confirmation that Plaintiff has discontinued manufacture and sale of wedge-shaped toolboxes.  See Exhibit 1.

10.     Defendant's product design is functional and is therefore not protectable under Section 2(e)(5) of the Trademark Act, 15 U.S.C. 1052(e)(5).  In Defendant's application for federal trademark registration, serial number 77-899117, attached herewith as Exhibit 2, the features of the product design are described as:

> The mark consists of the three-dimensional configuration of the goods, namely toolboxes.  The toolboxes have a lid with a horizontal upper surface and sloped front surface, thereby creating a wedge-shaped appearance.   See Exhibit 2, Defendant's application for federal trademark registration.

The product configuration is illustrated as follows:



11.     The product design, as described in Defendant's application for federal trademark registration, is functional because it is essential to the use of Plaintiff's goods and affect the cost and/or quality of Plaintiff's goods, and that Plaintiff is at a competitive disadvantage because is cannot use the configuration.

12.     A side schematic view of Defendant's product design of a wedge-shaped toolbox having a lid with a horizontal upper surface and a sloped-front is shown below:



The product design is functional because the wedge shape produces tool compartments (A, B, C) of increasing volume as one moves down the box.  This allows tools to be stored in an appropriately sized compartment so that if the toolbox is tilted or overturned, tools remain in their respective compartments.  Further the sloped lid and sides allow each compartment and its contents to be visible from the front and above the toolbox.

13.     The functional nature of Defendant's product design is further demonstrated by Defendant's four utility patents: U.S. Patent No. 7,510,078 (the '078 Patent); U.S. Patent No. 5,456,358 (the '358 Patent); U.S. Patent No. 4,389,077 (the '077 Patent); and U.S. Patent No. 4,266,835 (the '835 Patent, now expired).  The '078 Patent, the '358 Patent, the '077 Patent and

the '835 Patent are attached herewith as Exhibits 3, 4, 5 and 6, respectively.  These four utility patents disclose a toolbox that have a lid or cover with a horizontal upper surface and sloped front surface, thereby creating a wedge shaped appearance.  Also, the claims of the '078 Patent and the '358 Patent recite a toolbox comprising a cover having a horizontal section and a slanted section sloping downwardly from the horizontal section.

14.     The disclosure of the '078 Patent teaches the functional advantages of Defendant's product design.   Specifically, the Summary of the Invention section of the '078 Patent states, among others:

> It is a further object of the present invention to allow for maximum visibility of the tools in the box….

> It is a further object of the present invention to permit the secure storing of tools at locations in the tool box that are not adjacent the tool box cover, but that are still highly visible within the box……..

> According to the present invention, the foregoing and other objects are obtained by a tool box having a bottom portion, a pair of side portions, a back portion, and a front portion……The cover has a horizontal section which, when the cover is in a closed position, engages the upper horizontal edges of the side portions.  The cover also has a slanted section sloping downwardly from the horizontal section which, when the cover is in a closed position engages the slanted edges of the side portions.

15.     The patented features set forth in Claims 1 and 13 of the '078 Patent and in Claim 1 of the '358 Patent correspond to the features described in Defendant's application for federal trademark registration, as indicated in the table below.

| Defendant's Application for Federal Trademark Registration (Serial No. 77899117) | The '078 Patent | The '358 Patent |
|---|---|---|
| "The toolboxes have a lid with a horizontal upper surface and sloped front surface, thereby creating a wedge-shaped appearance." | Claim 1: "A tool box for securing in place tools with apertures therein, comprising:….said cover having a horizontal section and a slanted section sloping downwardly from said horizontal section…."  Claim 13: "A tool box for securing in place tools with apertures therein, comprising:….said cover having a horizontal section and a slanted section sloping downwardly from said horizontal section…." | Claim 1: "A tool box for securing in place tools with apertures therein, comprising:…..said cover having a horizontal section and a slanted section sloping downwardly from said horizontal section…." |

Thus, the language of the claims defines the features described in Defendant's application for federal trademark registration.

16.    Defendant's product design lacks sufficient source-identifying function or secondary meaning to serve as trade dress.

17.    Plaintiff understands Defendant's Letter of February 14, 2011 to mean that Defendant intends to level a complaint against Plaintiff in federal court and may at any time initiate a trade dress action against Plaintiff and has a reasonable apprehension of such suit if it does not cease and desist from selling its Hurricane Toolboxes.

18.    In the current controversy, Defendant has threatened Plaintiff and has demanded Plaintiff cease offering Hurricane Toolboxes for sale.

19.     Plaintiff has a good-faith belief that its Hurricane Toolbox does not infringe any valid trade dress belonging to Defendant. Plaintiff seeks to continue offering Hurricane Toolboxes for sale and distribution without the threat of litigation.

20.     Considering the circumstances, there is a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Plaintiff has and continues to invest resources in its product lines and the marketing thereof that would be significantly and detrimentally affected if Defendant is successful in an infringement action. Plaintiff should be free to offer its goods for sale without concern over threats from Defendant or pending litigation that may affect investment decisions it might make to further its business.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT OF TRADE DRESS NON-INFRINGEMENT

21.     Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs of this Complaint and further alleges as follows:

22.     Defendant's product design is functional and is therefore not protectable under Section 2(e)(5) of the Trademark Act, 15 U.S.C. § 1052(e)(5).

23.     Defendant's product design is not distinctive and lacks sufficient source-identifying function to service as trade dress.

24.     Plaintiff offers for sale and distribution of its Hurricane Toolbox is not likely to cause confusion with any of Defendant's product designs under the requirements of 15 U.S.C. § 1125(a) or 15 U.S.C. § 1114.

25.     Plaintiff is thus entitled to a declaration that the Hurricane Toolbox does not infringe any trade dress of Defendant, and that the manufacture, sale and marketing of Hurricane Toolboxes does not and will not infringe upon any intellectual property rights of Defendant.

## COUNT II
## CANCELATION OF REGISTRATION

26.     Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs of this Complaint and further alleges as follows:

27.     Under 15 U.S.C. § 1119, in any action involving a registered mark, this Court may determine the right to registration and order the cancelation of registrations.

28.     Defendant's product design is not protectable as a trademark and/or trade dress. Thus the Court should order cancelation of Defendant's registration for the mark maturing from application Serial No. 77899117.

29.     The application has not yet matured into a registration, but the period for opposition has passed, and barring unforeseen events, the trademark will have registered prior to the ultimate adjudication in this action.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1.  Declaring that the Hurricane Toolbox does not infringe upon Defendant's trade dress and/or trademark;

2.  Declaring Defendant's product design is functional and is therefore not protectable under Section 2(e)(5) of the Trademark Act, 15 U.S.C. 1052(e)(5);

3.   Ordering cancelation of Defendant's trademark application Serial No. 77899117, should it become registered;

4.   Granting Plaintiff all monetary relief appropriate, including attorneys' fees and costs incurred in this action; and

5.   Granting Plaintiff further relief, either in equity or at law, as the Court deems appropriate.

DATED this 7th day of March, 2011.

Respectfully submitted,

/s/ Paul V. Storm
Paul V. Storm
Texas State Bar No. 19325350
Michael A. Rahman
Texas State Bar No. 24048122
Mark D. Perdue
Texas Bar Number 15774200
STORM, LLP
901 Main St., Suite 7100
Dallas, Texas 75202
Telephone No.: (214) 347-4700
Facsimile No.:  (214) 347-4799

**ATTORNEYS FOR PLAINTIFF**